ORIGINAL

# In the United States Court of Federal Claims

Nos. 16-1346C & 16-1611C

(Filed: January 27, 2017)

**FILED**

**(NOT TO BE PUBLISHED)**

JAN 2 7 2017

U.S. COURT OF
FEDERAL CLAIMS

```
**********************************  )
                                    )
FRANKLIN H. WRIGHT,                 )
                                    )
               Plaintiff,           )
                                    )
       v.                           )
                                    )
UNITED STATES,                      )
                                    )
               Defendant.           )
                                    )
                                    )
YUTZ MCDOUGAL,                      )
                                    )
               Plaintiff,           )
                                    )
       v.                           )
                                    )
UNITED STATES,                      )
                                    )
               Defendant.           )
                                    )
**********************************  )
```

Franklin H. Wright, also known as Yutz McDougal, *pro se*, Los Angeles, California.

Shari A. Rose, Senior Trial Counsel, and Robert M. Norway, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With Ms. Rose on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Brian A. Mizoguchi, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Franklin H. Wright filed suit in this court, alleging that specific employees of the federal government and the United States Supreme Court breached contracts entered with him. Shortly

thereafter, Yutz McDougal also filed suit in this court, alleging that specific government entities breached a contract due to allegedly improper action and inaction related to the national economy. The court subsequently learned that Mr. Wright and Mr. McDougal are in fact the same person.

Pending before the court is the government's motion to dismiss Mr. Wright's complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons stated, Mr. Wright's and Mr. McDougal's cases are consolidated and both complaints are dismissed.

## BACKGROUND

Mr. Wright filed his complaint in this court on October 14, 2016, putting forward two claims that he describes as breaches of contract. Wright Compl. at 1-2. Mr. Wright's first claim involves a "[b]reach of contract against employees of the U.S. government," specifically employees working within particular federal courthouse buildings in San Francisco, California. Wright Compl. at 2. Mr. Wright alleges that he was "unlawfully removed" from the courts' law libraries, resulting in a violation of "plaintiff's equal access rights" under the Fourteenth Amendment of the United States Constitution. Wright Compl. at 3. In his second claim, Mr. Wright alleges a "[b]reach of contract . . . against the U.S. Supreme Court." Wright Compl. at 2. This allegation relates to a petition for certiorari that Mr. Wright filed after the United States District Court for the Northern District of California dismissed a suit he had brought before that court. *See* Wright Compl. at 2-5; *Wright v. United States Interagency Council on Homelessness*, No. C14-0353RS, 2014 WL 4354534 (N.D. Cal. Sept. 2, 2014), *appeal dismissed*, No. 15-15052 (9th Cir. Apr. 23, 2015). Mr. Wright alleges that in his petition for certiorari, he included a motion requesting "that his petition be considered outside of the petition review pool, for review by Justice John Paul Stevens." Wright Compl. at 3. Mr. Wright further alleges that such motion was never docketed due to the interference of the clerk of the Supreme Court or Justice Stevens' failure to follow "his practice guide interpreted policies (contractual terms)." Wright Compl. at 3-5. Mr. Wright seeks injunctive relief as a result of these alleged breaches, specifically requesting that the court grant him access to the federal courts' law libraries in San Francisco and that the court require Justice Stevens to personally review and decide Mr. Wright's petition for certiorari. Wright Compl. at 7.

Mr. McDougal filed suit in this court on December 5, 2016, alleging a breach of contract against the Council of Economic Advisers, National Economic Council, and United States Federal Reserve Bank "for improper actions and inactions." McDougal Compl. at 1, 4. Mr. McDougal alleges that these government entities have a contractual obligation to "monitor and prevent unnecessary debt growth," "alleviate trade deficits," ensure that "fair . . . wage-paying employment options are available," and "correct unbalanced budgets." McDougal Compl. at 15-16. Because the government has allegedly failed to satisfy these obligations, Mr. McDougal requests that the court compel the government "to take corrective action" and "cease harmful inactions . . . [and] actions" related to the national economy. *See* McDougal Compl. at 16-17.[1]

---

[1]Mr. McDougal explains that "[a]fter three years in the benevolently caring, Pelosi-supported Bay Area, comforted by endless and glorious warmth bestowed by the generous non-

He also requests a "[m]onetary amount" representing the number of hours he expended on research. McDougal Compl. at 17.

On December 29, 2016, this court issued an order to show cause to Mr. Wright and Mr. McDougal, directing "plaintiffs to show cause on or before January 13, 2017, why one of the complaints ought not to be dismissed, or at least why the two complaints ought not to be consolidated." Order to Show Cause, No. 16-1346C, ECF No. 15 & No. 16-1611C, ECF No. 7. The court also requested that Mr. Wright provide a "listing of the complaints he has previously filed in other federal courts." *Id.* In response, Mr. Wright did not dispute the true identity of Mr. McDougal and suggested that the court dismiss or "[r]emand" the complaint filed by Mr. McDougal. *See generally* Reply to Order to Show Cause, No. 16-1346C, ECF No. 19 & No. 16-1611C, ECF No. 8. Mr. Wright also provided a list of other complaints he has filed, which includes nearly twenty suits and reveals that Mr. Wright has also filed complaints under the name Jesse F. Swartz. *See* Reply to Order to Show Cause, Ex. 1.[2]

The government filed a motion to dismiss Mr. Wright's complaint pursuant to RCFC 12(b)(1) and 12(b)(6) on December 13, 2016, which is now pending before the court. Def.'s Mot. to Dismiss ("Def.'s Mot."), No. 16-1346C, ECF No. 13.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity, thus allowing a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). However, it does not provide substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

Under RCFC 12(b)(6), the court must examine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To avoid dismissal, the facts alleged "must be enough to raise a right to relief

---

profit community basking plaintiff in the wonderment of soul-filled chicken dinners, plaintiff has become confused" by the state of employment in the United States and the national economy. McDougal Compl. at 17.

[2]Mr. Wright is currently subject to a no-filing order issued against him by the United States District Court for the Northern District of California on June 11, 2016. *See* Order to Show Cause.

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Kam-Almaz v. United States*, 682 F.3d 1364, 1367-68 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). The court must accept all factual allegations in the complaint as true and draw "all reasonable inferences in favor of the non-movant," *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (internal citations omitted), but the court need not accept legal conclusions, *Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

### A. Consolidation

RCFC 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

This rule provides the court with "broad discretion to consolidate cases involving common questions of law or fact upon consideration of whether 'the interest of judicial economy outweigh[s] the potential for delay, confusion, and prejudice that may result from consolidation.'" *Zafer Taahhut Insaat Ve Ticaret, A.S. v. United States*, 120 Fed. Cl. 604, 611 (2015) (citing *Lucent Techs. Inc. v. United States*, 69 Fed. Cl. 512, 513 (2006)), *aff'd*, 833 F.3d 1356 (Fed. Cir. 2016). Consolidation is encouraged when "common questions of law or fact are involved and consolidation would avoid unnecessary costs." *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 32 (2004) (citation omitted). Additionally, although the positions of the parties should be considered, the court "need not accord the parties' views dispositive weight." *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 802 (2004) (citing *Cienega Gardens*, 62 Fed. Cl. at 32).

Here, the court finds that consolidation is appropriate. Mr. Wright and Mr. McDougal are the same person acting under different names. Although Mr. Wright's and Mr. McDougal's complaints address separate issues, they were brought by the same person and involve the same general question of law: whether the court has jurisdiction to hear claims that Mr. Wright and Mr. McDougal have described as breaches of contract. *See* Wright Compl. at 2; McDougal Compl. at 4. Mr. Wright suggests that the court should dismiss, rather than consolidate, Mr. McDougal's complaint with leave to amend because he does not have the resources to handle more than one case. Reply to Order to Show Cause at 1-2. However, Mr. Wright chose to file a second complaint under the alias of Mr. McDougal and consolidation will ultimately benefit Mr. Wright by allowing him to bring all of his claims in a single suit. It will further benefit the court by avoiding unnecessary costs. The court therefore consolidates Mr. Wright's and Mr. McDougal's suits.

### B. Jurisdiction

Mr. Wright attempts to bring his claims within the ambit of the Tucker Act by characterizing them as requests for damages attributable to breaches of contract. *See* Wright

4

Compl. at 2. However, he fails to allege any breach of contract that could provide this court with jurisdiction. Mr. Wright's first "breach of contract" claim, regarding access to law libraries in the federal district and appellate courthouses in San Francisco, appears to claim entitlement to relief under the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. Wright Compl. at 3 (alleging that staff members violated his "equal access rights under Amend. XIV (U.S. Const.)"); *see also* Def.'s Mot. at 5. The court does not have jurisdiction over these alleged constitutional violations "because they do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)); *see also Holmes v. United States*, 98 Fed. Cl. 767, 775 (2011) (holding that the court lacked subject matter jurisdiction over "stand-alone due process and equal protection claims"). Additionally, Mr. Wright describes his second claim as a "breach of contract," but it is instead a request for the Supreme Court to review a motion he allegedly attached to a petition for certiorari. Such a request is not based in contract, and it does not otherwise satisfy this court's jurisdictional requirement that the plaintiff identify a substantive money-mandating source of law. Mr. Wright's claim is simply directed to the Supreme Court's practice and procedure, and his attempt to denominate it as a contract claim is unavailing. *See Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, '[the court] look[s] to the true nature of the action in determining the existence or not of jurisdiction.'") (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)); *Boston v. United States*, 43 Fed. Cl. 220, 226-27 (1999) ("Where, as here, the underlying laws and regulations allegedly violated do not mandate the payment of money, this jurisdictional flaw cannot be sidestepped by transforming the complaint into one based on breach of an implied contract.") (citing *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 739-41 (1982)), *superseded by regulation as stated in Roberts v. United States*, 104 Fed. Cl. 598 (2012).[3] Mr. Wright subsequently has requested the court's permission "to add a monetary remedy request via amendment," Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4, ECF No. 17, but any such addition would not supply a separate source of money-mandating law.[4]

Using the name Yutz McDougal, plaintiff brings another claim referring to contractual rights, *see* McDougal Compl. at 4, but he fails to provide any support for such a claim. Rather than alleging the existence of any specific contract, the McDougal complaint discusses perceived deficiencies with the United States economy generally, mentioning trade, immigration, and the national debt. *See* McDougal Compl. at 5-16. These broad economic topics simply cannot form the basis of a contract. As a source of law, the McDougal complaint points to the Employment Act of 1946, Pub. L. No. 79-304, 60 Stat. 23, *as amended by* the Full Employment and Balanced Growth Act of 1978, Pub. L. No. 95-523, § 102, 92 Stat. 1887, 1890 (codified at 15 U.S.C. §

---

[3]Additionally, to the extent that Mr. Wright suggests the alleged wrongs in San Francisco and the Supreme Court occurred due to negligence or intentional wrongdoing by the government, the court does not have jurisdiction over such allegations because they would be based in tort. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

[4]Mr. Wright's attempt to rely on a law journal article regarding contract law, *see* Wright Compl. at 7; Pl.'s Opp'n at 4, as a separate source of law that provides the court with jurisdiction is similarly unavailing.

1021). *See* McDougal Compl. at 6. Such reliance is misplaced. Section 1021 pertains to Congressional declarations, such as the declaration that it is the government's responsibility to promote the general welfare. *See* 15 U.S.C. § 1021(a). It is not a money-mandating source of law that could provide this court with jurisdiction under the Tucker Act.

Thus, the court lacks jurisdiction over Mr. Wright's and Mr. McDougal's claims.[5]

## CONCLUSION

For the reasons stated, the two cases are consolidated, the government's motion to dismiss is GRANTED and both complaints are DISMISSED for lack of jurisdiction.[6] The clerk is directed to enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____

Charles F. Lettow
Judge

---

[5]Even if the court did have jurisdiction, Mr. Wright's and Mr. McDougal's complaints would be dismissed under RCFC 12(b)(6) for failure to state a claim. The elements of a valid contract with the government include: "(1) mutuality of intent to contract; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government." *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1265 (Fed. Cir. 2005) (citing *Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (en banc)). These requirements are the same for express and implied contracts. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). Mr. Wright contends that an express contract arose with courthouse staff when they allowed him to access the libraries in San Francisco, Pl.'s Opp'n at 2, but this unsupported argument fails to meet any of the necessary contract elements cited above. His claims regarding the Fourteenth Amendment, practice and procedure in the Supreme Court, and state of the national economy similarly fail to allege the elements of a valid contract.

[6]Mr. Wright's motion for sanctions, No. 16-1346C, ECF No. 20, and Mr. McDougal's application to proceed *in forma pauperis*, No. 16-1611C, ECF No. 3, are DENIED as moot.